E-FILED
Monday, 03 June, 2013 01:55:42 PM
Clerk, U.S. District Court, ILCD

FILED
JUN - 3 2013
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **TAMMY M. PAVADORE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** 13-CV-2124 |
| **v.** | ) | |
| | ) | **Jury Trial Requested** |
| **PAVLOV MEDIA, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, TAMMY M. PAVADORE, by and through her attorney, GERALD W. SMITH of the SMITH LAW FIRM, P.C., and for her Complaint against the Defendant, PAVLOV MEDIA, INC., states as follows:

**NATURE OF CLAIM**

1. This is a civil action under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e. *et seq.*), and The Age Discrimination in Employment Act (ADEA) (Pub. L. 90-202) (29 U.S.C. § 621 *et seq.*).

**THE PARTIES**

2. Plaintiff TAMMY M. PAVADORE is an adult female (year of birth: 1959) residing in Ford County, Illinois, and at all times relevant to this Complaint, was employed by Defendant PAVLOV MEDIA ("Defendant PAVLOV MEDIA") in multiple roles, including Director of Operations, Vice President of Call Center Operations, and Lead Project Manager.

3. Defendant PAVLOV MEDIA is a Delaware corporation with its headquarters located in Champaign, Illinois.

4. At all times material to this Complaint, Defendant PAVLOV MEDIA was an employer within the meaning of 29 U.S.C. § 630(b) because Defendant PAVLOV MEDIA was a corporation employing 20 or more employees for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint.

5. At all times material to this Complaint, Defendant PAVLOV MEDIA was an employer within the meaning of 29 U.S.C. § 2000e(b) because Defendant PAVLOV MEDIA was a corporation employing 15 or more employees for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint.

## JURISDICTION AND VENUE

6. Jurisdiction conferred upon this Court by 28 U.S.C. § 1331; 29 U.S.C. § 626(c); and 42 U.S.C. § 2000e-5(f)(3).

7. Venue is properly laid under 28 U.S.C. § 1391 because the Defendant resides in this District (i.e., Corporate headquarters is located in Champaign, Illinois) and/or a significant part of the events giving rise to the claim occurred in this judicial district.

8. Plaintiff has complied with all prerequisites to maintaining this action.

   A. On or about February 16, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The filing of this charge is well within the 300 day statute of limitations. (Exhibit 1).

   B. On or about March 8, 2013, the EEOC issued to Plaintiff a Notice of Right to Sue. (Exhibit 2).

   C. This action was brought within 90 days of the issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

9. Plaintiff is an adult female over the age of 40.

10. Plaintiff was hired by Defendant PAVLOV MEDIA as a Director of Operations on or about February 2006.

11. Plaintiff's pay rate when hired was $50,000.

12. Plaintiff's pay rate upon termination was $60,000.

13. The only performance evaluation (a.k.a. "Performance Review") received by the Plaintiff was completed in July 2011 and rated the Plaintiff as a 7.5 on a scale of 1-10 (1 = unsatisfactory, 5 = meets expectations, 10 = outstanding).

14. Plaintiff had no adverse disciplinary actions while employed by Defendant.

15. Plaintiff was terminated on May 1, 2012.

16. The reason for Plaintiff's termination, as stated by Russell Vasta, Plaintiff's immediate supervisor, was Plaintiff's "services were no longer needed."

## COUNT I
## VIOLATION OF TITLE VII, CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, *et seq.* and the CIVIL RIGHTS ACT OF 1991, PL 102-166, 105 Stat. 1071
## (Discrimination Based on Gender)

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Plaintiff is an adult female.

19. At the time of Plaintiff's discharge, Plaintiff had an excellent performance record.

20. After Plaintiff's discharge, Plaintiff's position was filled by a male employee.

21. Three other employees (Procurement Manager, Michelle Foote; Controller and Accounting/Legal Manager, Angela Ellis (a.k.a. Angela Cooper); and Billing/ Accounts Receivable Manager, Robin Richardson), each one a female, were similarly discharged and replaced with male less qualified employees.

22. Plaintiff has suffered significant financial and emotional injury due to her wrongful discharge.

WHEREFORE, Plaintiff prays for the following relief:

a. Declare Defendant PAVLOV MEDIA in violation of the statutory provisions under which Plaintiff brings this action, and enjoin Defendant PAVLOV MEDIA, its officers, employees, agents and all persons in active concert or participation with Defendant PAVLOV MEDIA from engaging in any discriminatory employment practices;

b. Order Defendant PAVLOV MEDIA to make Plaintiff whole by compensating her for past lost earnings and benefits of employment, plus interest, in accordance with 42 U.S.C. § 2000e-5(g);

c. Order Defendant PAVLOV MEDIA to pay punitive damages pursuant to 42 U.S.C. § 1981A;

d. Award Plaintiff her costs in this action, including reasonable attorney's fees, costs and expert witness fees pursuant to 42 U.S.C. § 2000e-5(k);

e. Order such other and further relief as the Court deems just and proper.

## COUNT II

## Violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*

23. Plaintiff incorporates by reference all preceding paragraphs.

24. The ADEA at 29 U.S.C. § 623(a) provides:

> It shall be unlawful for an employer
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
> (3) to reduce the wage rate of any employee in order to comply with this chapter.

25. Under the ADEA, the Plaintiff was entitled to continued employment unless discharged due to business necessity.

26. Defendant PAVLOV MEDIA has not provided any business necessity, but merely stated that Plaintiff's "services were no longer needed."

27. After Plaintiff's discharge, Plaintiff's position was filled by a male employee significantly younger than Plaintiff and under the age of 40.

28. Four other employees (Procurement Manager, Michelle Foote; Billing Manager, Robin Richardson; Controller and Legal and Accounting Manager, Angie Ellis (a.k.a. Angela Cooper); and Video Engineer, Joe Lajoie), each one over the age of 40, were similarly discharged and replaced with employees under the age of 40.

29. Early in 2012, when Plaintiff heard of rumors in the industry that she was no longer employed with Defendant, Plaintiff raised her concern to PAVLOV MEDIA executives Russell Vasta, Glenn Myer, and Doug Woods, who all assured Plaintiff that she had nothing to worry about.

30. Plaintiff has suffered significant financial and emotional injury due to her wrongful discharge.

WHEREFORE, Plaintiff prays for the following relief:

a. Declare Defendant PAVLOV MEDIA in violation of the statutory provisions under which Plaintiff brings this action, and enjoin Defendant PAVLOV MEDIA, its officers, employees, agents and all persons in active concert or participation with Defendant PAVLOV MEDIA from engaging in any discriminatory employment practices;

b. Order Defendant PAVLOV MEDIA to make Plaintiff whole by compensating her for past lost earnings and benefits of employment in accordance with 29 U.S.C. § 626(b);

c. Order Defendant PAVLOV MEDIA to pay Plaintiff interest on her damages;

d. Order Defendant PAVLOV MEDIA to pay Plaintiff a liquidated damages amount equal to the sum of paragraphs b and c. above, in accordance with 29 U.S.C. § 626(b);

e. Award Plaintiff her costs in this action, including reasonable attorney's fees and costs in accordance with 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b);

f. Order such other and further relief as the Court deems just and proper.

**JURY DEMAND**

31. Plaintiff demands a trial by jury.

Respectfully submitted,

GERALD W. SMITH (ARDC 6304036)
Attorney for the Plaintiff
SMITH LAW FIRM, P.C.
1002 Commercial Drive, Suite #5B
P.O. Box 46
Mahomet, IL 61853
(217) 586-3700
(217) 586-3755 (fax)
email: gwsmith@gwsmithlawfirm.com

STATE OF ILLINOIS )
) SS
COUNTY OF CHAMPAIGN )

**VERIFICATION**

TAMMY M. PAVADORE, the Plaintiff, under penalties as provided by Rule 11 of the Federal Rules of Civil Procedure, hereby verifies that she has read the foregoing Complaint and that the matters contained therein are true and correct to the best of her knowledge.

Dated: 6/3/2013

Tammy M. Pavadore
TAMMY M. PAVADORE

Subscribed and sworn to before me this 3d day of JUNE, 2013.

G W Smith
Notary Public

NOTARY PUBLIC ★ OFFICIAL SEAL STATE OF ILLINOIS
G W SMITH
MY COMMISSION EXPIRES
NOVEMBER 23, 2014

Prepared By:
SMITH LAW FIRM, P.C.
1002 Commercial Drive, Suite 5B
P.O. Box 46
Mahomet, IL 61853
(217) 586-3700
(217) 586-3755 (fax)
email: gwsmith@gwsmithlawfirm.com
ARDC No. 6304036

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 846-2013-05360

Illinois Department Of Human Rights and EEOC

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Miss Tammy M. Pavadore | (217) 841-5282 | 10-13-1959 |

Street Address City, State and ZIP Code

636 N Market St, Paxton, IL 60957

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| PAVLOV MEDIA | 15 - 100 | (217) 353-3000 |

Street Address City, State and ZIP Code

125 W. Church Street, Suite200, Champaign, IL 61820

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

RECEIVED EEOC

FEB 21 2013

CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[ ] RETALIATION [X] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest Latest

05-01-2012

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with Respondent in or around February 2006 and my most recent job classification was Lead Project Manager. I was discharged.

I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I have been discriminated against because of my age, 52 (DOB: October 13, 1959), in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/16/13 Tammy M. Pavadore

Date Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

Exhibit 1

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Tammy M. Pavadore**
**636 N Market St**
**Paxton, IL 60957**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2013-05360** | **Kara Mitchell, Investigator** | **(312) 869-8134** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe (signature)

3/8/2013
*(Date Mailed)*

**John P. Rowe,**
**District Director**

Enclosures(s)

cc:

**PAVLOV MEDIA**

EXHIBIT 2